UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHELLE LYNN ADAMS,

    *Plaintiff*,

v.

UNITED STATES OF AMERICA, *et al.*,

    *Defendants*.

Civil Action No. 25 - 4346 (UNA)

**MEMORANDUM OPINION**

Michelle Lynn Adams, proceeding pro se, brings this action against the United States of America and the U.S. Department of Justice, alleging that her 2010 bribery conviction in the Eastern District of Virginia was "void from inception." ECF No. 1, at 1-2, 4. She asks the court to (1) declare that she is not a convicted felon and thus "entitled to exoneration as a matter of law" because her conviction and the resulting forfeiture order are void; (2) enjoin Defendants from relying on the conviction or forfeiture order; (3) order Defendants to account for all forfeiture-related actions that rely on the allegedly void judgment; and (4) grant equitable relief that restores her legal and property rights to the pre-conviction status quo. *Id.* at 8. Ms. Adams has also filed a motion for leave to proceed *in forma pauperis*. ECF No. 2. For the following reasons, the court will grant her motion to proceed *in forma pauperis* and dismiss her complaint and the case for lack of subject-matter jurisdiction.

The court accepts the following facts from Ms. Adams's complaint as true. From 2006 to 2010, she served as a federal contractor in Iraq and Afghanistan. ECF No. 1, at 2. Federal prosecutors secured an indictment against her in September 2010 in the Eastern District of

Virginia, and she was convicted and sentenced in December 2010. *Id.* at 3. Ms. Adams's lawyer did not "challenge . . . the indictment's legal defects, the absence of any nexus between the alleged offense and the forfeiture, or the internal inconsistencies reflected in the Presentence Investigation Report." *Id.* The sentencing court entered a $775,000 forfeiture order. *Id.* at 4. In forfeiture proceedings, the government has treated one of Ms. Adams's properties in Miami, Florida as "reachable." *Id.* During subsequent bankruptcy proceedings, Ms. Adams learned about purported limitations on forfeiture related to bribery convictions. *Id.* at 6. She then worked with a paralegal to identify "structural defects" in the indictment from her 2010 criminal case. *Id.*

In April 2025, Ms. Adams challenged her underlying conviction by filing a petition in the Eastern District of Virginia for a writ of error coram nobis, *id.* at 7, which is an "extraordinary remedy" allowing courts to "correct errors of fact . . . that affect the validity and regularity of [a] judgment." *United States v. Lee*, 84 F. Supp. 3d 7, 8-9 (D.D.C. 2015) (first alteration in original) (quoting *United States v. Morgan*, 346 U.S. 502, 507 (1954)). The writ allows "the federal judge who imposed a sentence . . . to set aside an underlying conviction and sentence which, for a valid reason, should never have been entered." *United States v. Faison*, 956 F. Supp. 2d 267, 269 (D.D.C. 2013) (quoting *United States v. Hansen*, 906 F. Supp. 688, 692 (D.D.C. 1995)). Ms. Adams "has received no rulings, . . . hearings, [or] . . . substantive response from the sentencing court, the Fourth Circuit [Court of Appeals], or the Department of Justice regarding the merits" of her writ petition. ECF No. 1, at 7.

Ms. Adams's case is an improper collateral attack on her sentence and conviction from the Eastern District of Virginia. A lawsuit is a collateral attack if it requires "overrul[ing] the judgment of [another] court." *Stone v. Holder*, 859 F. Supp. 2d 48, 52 (D.D.C. 2012). This court "lacks jurisdiction to review decisions of other federal courts." *Smalls v. United States*, 471 F.3d 186,

192 (D.C. Cir. 2006). Although Ms. Adams has not filed a petition for a writ of coram nobis here, the relief she seeks is effectively the same: she invokes the court's equitable power and asks the court to declare the sentencing court's judgment void. ECF No. 1, at 8. To the extent Ms. Adams intends to challenge her indictment, the resulting conviction, or the sentencing court's forfeiture order, she must do so through her pending action in the Eastern District of Virginia because "only the court that imposed the sentence has jurisdiction to grant a writ of coram nobis." *Stoller v. United States*, 216 F. Supp. 3d 171, 175 (D.D.C. 2016); *cf. Peoples v. U.S. Dep't of Just.*, No. 24-CV-1017, 2024 WL 2015322, at *1 (D.D.C. May 6, 2024) (dismissing an action for lack of jurisdiction because the incarcerated petitioner had challenged the validity of his indictment from the Western District of New York and any remedy for the "collateral attack on his conviction" was "in the sentencing court" through habeas proceedings).

For the foregoing reasons, the court will grant Ms. Adams's Motion for Leave to Proceed *in Forma Pauperis*, ECF No. 2, and dismiss her complaint, ECF No. 1, and the case for lack of subject-matter jurisdiction. A contemporaneous order will issue.

_____
LOREN L. ALIKHAN
United States District Judge

Date: February 19, 2026